CITY OF GREENVILLE v. B. F. BRITTON.

CITY OF GREENVILLE v. R. F. JONES.

Delivered May 4, 1898.

**Municipal Corporation—Nuisance—Damages.**

Although a city has, under the statute, full control over its streets, it is not liable for the damages done to a building by the negligent use of water at a water station erected in the street without its consent because of its failure to exercise the power conferred upon it to abate the station as a nuisance. Articles 419, 447, 453, Revised Statutes, considered.

APPEAL from Hunt. Tried below before Hon. HOWARD TEMPLETON.

*J. L. Garrett,* for appellant.

*B. I. Evans,* for appellees.

FLY, ASSOCIATE JUSTICE.—These two cases are dependent upon the same facts, each one of the appellees suing for $720 damages alleged to

have accrued by reason of appellant failing to abate a nuisance in the shape of a water station on the street from which water flowed down to the walls of their brick storehouses and caused them to crack. The cases were tried by the court and there was a judgment rendered against appellant in favor of Britton for $600, and in favor of Jones for $300.

It was proved that in 1895 a man named Neal Fits erected a water station on a street in the city of Greenville directly in front of the property of appellees, at which he sold water, and large quantities of it were wasted and ran down on the property of each of the appellees and caused the walls to their buildings to crack, and become greatly damaged. Fits had no authority from the city to erect the water station, and it received no revenue for the sale of the water. There was testimony to the effect that the mayor and other city officials knew that the water was being poured out and that it was running upon and injuring the property of each of the appellees, but no action was taken to abate the nuisance until 1897.

The city of Greenville was organized under the general statutes relating to cities which confer upon it exclusive control and power over its streets, alleys, and public grounds and highways, and authority to abate and remove encroachments or obstructions thereon. Art. 419. In addition power is given to abate nuisances. Arts. 447, 453.

The erection of the water station was an encroachment upon the street, and might be properly classed as a nuisance, and full power was conferred by the charter upon the city to remove the obstruction and abate the nuisance. While the water station was an encroachment upon the street, still the testimony fails to show that it interfered with or annoyed the citizens of the city in the use of the street, the only evil effects shown being the injury inflicted upon the private property of appellees, and that arose not from the erection of the water station, but the manner in which it was used. The question arising in this case is not as to whether a municipal corporation would be liable for damages resulting from the creation of a nuisance by it, or under its license or authority, but the case is one of the creation of a nuisance by a person without the sanction or license of the city, but which was allowed to remain after its existence and injurious consequences had been made known to the city. The erection of the water station created a public nuisance, as being an encroachment on the street, its existence was known to the city, the property of apellees was damaged by the manner in which the same was used, and clearly the person who erected the water station was guilty of negligence in damaging the property. Was the city also guilty of negligence by reason of the fact that it failed to exercise its governmental authority in abating the nuisance? It was guilty of no negligence unless it be negligence to omit to abate a nuisance, not affecting the public, but which is damaging the property of one of its citizens. It is well settled in this State that a city is liable for damages resulting from negligence in failing to repair its streets or to remove obstructions, and a similar liability would arise in other like cases of negligence, the ground of liability being

that it has accepted a valuable franchise on condition of the performance of certain public duties. City of Galveston v. Posnainsky, 62 Texas, 119.

The streets of a city are public highways and open to the free use of everyone, and the duty rests upon the municipal corporation to keep them in proper condition, and the corporation will be liable for damages caused by neglect of that duty. In case of a defect, or obstruction in the street which causes injury to an individual or his property, the liability of the city arises from the fact that the injury has resulted from negligence in not performing a public duty. In the case before us, the damages to the individual did not arise by reason of the negligence of appellant in performing a public duty, for while the erection of the water station was technically the creation of a nuisance, just as would be the erection of an awning or the hanging of a sign over the sidewalk, yet there was no obstruction of the free use of the street by the public, and consequently no public duty had arisen. It must be kept in view that it is only in a limited class of cases that actions will lie against municipal corporations, and much difficulty is often experienced in determining the class to which a case belongs. It is the well established rule, however, that liability for damages can not attach to a municipal corporation for a mere failure to exercise its governmental powers (Cooley on Torts, page 739), and it would seem that the failure to remove a nuisance not created nor upheld by its authority would be classed as the exercise of its discretion in executing its governmental power.

In Dillon on Municipal Corporations, section 951, it is said: "A failure by the corporation to exercise its charter power to abate nuisances, not rendering its streets unsafe, does not give a person who is injured by such failure a private action against the corporation." Judge Elliott on the same subject says: "There are, undoubtedly, cases in which municipal corporations have been held liable for special injuries caused by obstructions and defects in their streets of such a character that they constituted nuisances; but the general rule is well settled that municipal corporations are not liable for failing to exercise governmental and discretionary powers, and for this reason, we think that such corporations are not, ordinarily, liable for failing to exercise their power to remove or abate a nuisance, unless they are made responsible therefor by statute or the particular nuisance is one in which they are interested, or over which they have control, in what may be termed their individual capacity as distinguished from that of a governmental instrumentality."

It has been held in Massachusetts that a city was liable to a traveler who was injured by an electric shock from a telephone wire hanging in a street so low as to endanger travelers. Bourget v. Cambridge, 16 Law. Rep. Ann., 605. This liability arose from the public duty devolving on the city to keep its streets free of obstruction. The wire even when suspended so as not to interfere with travel was an additional servitude, an encroachment upon the street, licensed by the city, and whenever anyone lawfully on the street was injured by it, liability would attach. No such

case is presented by the facts before this court, for free use of the street, was not shown to have been denied to anyone. Even if the city had given a license to the person who erected the water station, it would not be liable for the reason that the damage to appellees did not necessarily result from the use of the street for the water station, but grew, as alleged by appellees, out of the negligent use of the water station by the man who erected it. It is not claimed in the pleadings nor shown by the evidence that appellees were deprived of any right by the erection of the water station, but that the whole of the damage was inflicted by the careless and negligent manner in which the owner of the station handled the water. If the city was responsible for the erection of the water station, it was not responsible for the carelessness of the persons using it, because there was no kind of connection or relation existing between them. A different case would have been presented had the pleadings made a case of the premises having been flooded by obstructions or defects in the street. The judgments are reversed, and in each case judgment is rendered in favor of appellant.

*Reversed and rendered.*